No. 94-212

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

KAY McLAIN,

     Petitioner and Respondent,

  and

WALTER McLAIN,

     Respondent and Appellant.

FILED

FEB 1 4 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twelfth Judicial District,
              In and for the County of Hill,
              The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Antonia P. Marra, Bell & Marra, Great Falls,
          Montana

       For Respondent:

          E. Lee LeVeque, Conklin, Nybo, LeVeque and
          Murphy, Great Falls, Montana


                  Submitted on Briefs:  January 19, 1995

                           Decided:  February 14, 1995

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Walter McLain appeals from the property distribution entered by the District Court for the Twelfth Judicial District, Hill County, in this dissolution of marriage. We reverse and remand.

The issue, which has been conceded by Kay McLain, is whether the court erred in including in the marital estate assets which were not marital property.

The assets at issue are a tractor and a computer. The parties agreed these items were assets of their corporate car wash business and were not marital assets subject to distribution. The court ordered that the car wash business be "disposed of and any profit or loss divided 50% to each of the parties." Nevertheless, the court also distributed to Walter McLain the tractor and the computer and included their value in his share of the marital estate.

The tractor and the computer belonged to neither Walter nor Kay and were not part of the marital estate subject to distribution under § 40-4-202, MCA. This case is remanded to the District Court for recalculation of an equitable division of the marital estate.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to the State Reporter and West Publishing Company.

_____
Chief Justice

We concur:

_____
_____

_____

_____
Justices